```
               UNITED STATES BANKRUPTCY COURT
               MIDDLE DISTRICT OF NORTH CAROLINA
                      GREENSBORO DIVISION

IN RE:                         )
                               )
William H. Maerlender, Jr.,    )    Case No. 02-11895C-7G
                               )
        Debtor.                )
_____)
                               )
Gerald S. Schafer, Trustee     )
for the Estate of William      )
H. Maerlender, Jr.,            )
                               )
        Plaintiff,             )
                               )
v.                             )    Adversary No. 04-2034
                               )
William H. Maerlender, Jr.,    )
Judith Maerlender, Piedmont    )
Power Products, Richard G.     )
Hendley, Dickson L. Hendley,   )
Lucille G. Hendley, Aundrea    )
W. Hendley, and R.G. Hendley,  )
Inc.,                          )
                               )
        Defendants.            )
                               )
```

MEMORANDUM OPINION

This adversary proceeding came before the court on November 15, 2005, for hearing upon the Hendley Defendants' motion to compel in which the Hendley Defendants seek to compel further answers to their first set of interrogatories from the Plaintiff. Harry G. Gordon appeared on behalf of the Hendley Defendants ("the Defendants") and Philip J. Mohr and Craig D. Cannon appeared on behalf of the Plaintiff. Having considered the Defendants' interrogatories, Plaintiff's responses to such interrogatories, including the objections contained in such responses, the motion to

compel, the briefs submitted by the parties and the arguments of counsel, the court has concluded that the Plaintiff's objections should be sustained in part and denied in part and that the Defendants' motion to compel also should be granted in part and denied in part. Separate orders are being entered contemporaneously with the filing of this memorandum opinion with respect to each set of interrogatories submitted by the Defendants. This memorandum opinion reflects the manner in which the court has resolved the two primary issues that were raised by the parties regarding Plaintiff's objections and Defendants' motion to compel.

The primary disagreement between the parties involves the Plaintiff's use of subparagraph (d) of Rule 33 in responding to a number of the interrogatories submitted by the Defendants. The type of interrogatories involved in this dispute are interrogatories in which the Plaintiff was requested to state the facts which the Plaintiff contends support the various allegations in the Plaintiff's amended complaint. An example of the type of interrogatory involved is Aundrea Hendley's interrogatory number 3:

> Please explain in detail and identify all facts and documents relied upon by plaintiff or Generac in making the allegations in the Amended Complaint that the Maerlenders and Richard G. Hendley "agreed that the Debtor would transfer his interest in the Home and Lot with the express intention of placing the Home and Lot outside the reach of Debtor's creditors" as stated in paragraph 74 of the Amended Complaint.

Instead of stating the facts relied upon in making the various

allegations in the Amended Complaint, the Plaintiff responded to these interrogatories as follows:

> Subject to and without waiving his objections, the Trustee states that, pursuant to Rule 33(d), he will afford the defendant, at a mutually agreeable time, reasonable opportunity to examine, audit, inspect and copy all non-privileged, responsive documents in his possession, custody or control containing information relevant to this interrogatory.

The issue raised by the parties is whether this response involves a permissible utilization of Rule 33(d). For the reasons that follow, the court has concluded that the response is not appropriate with respect to the interrogatories at issue in this proceeding.

When properly invoked, subparagraph (d) of Rule 33 shifts the burden of research on the party seeking the information, instead of requiring the responding party to conduct a burdensome or expensive search of its own business records. "However, the use of the option is limited to situations in which the burden of deriving the answer is substantially the same for the propounding party as the responding party." 7 MOORE'S FEDERAL PRACTICE § 33.105[1] (3d ed. 2005). If the propounding party would be more burdened, the responding party cannot invoke subparagraph (d) and must instead obtain the requested information itself and answer the interrogatory. Id.

Where the requesting party objects to the use of subparagraph

(d) and makes a prima facie showing in support of the objection, the burden is on the responding party to justify the use of Rule 33(d).  Id.  In the present case, the Defendants made a prima facie showing that the use of Rule 33(d) is inadequate, thereby requiring the Plaintiff to justify the use of Rule 33(d) with respect to the interrogatories at issue.  Although the Plaintiff failed to do so in several respects, the court will focus only upon Plaintiff's failure to show that the burden of deriving the requested information from the Plaintiff's records is substantially the same for the Defendants as it would be for the Plaintiff.  Considering the nature of the information requested, the court is satisfied that the burden on the Defendants to attempt to glean the requested information from the Plaintiff's records would be much greater than the burden on the Plaintiff if the Plaintiff is required to do so.

As a general rule, Rule 33(d) is appropriate where an interrogatory makes broad inquiries and numerous documents must be consulted to ascertain facts, such as identities, quantities, data or test results.  With respect to such interrogatories, the burden is no greater for the inquiring party to examine the pertinent documents in order to extract the requested information.  See SEC v. Elfindepan, S.A., 206 F.R.D. 574, 577 (M.D.N.C. 2002).  On the other hand, when the interrogatory calls for an opposing party's contentions regarding allegations in a pleading, it is doubtful that the inquiring party can extract the requested information

answer from documents supplied by the opposing party and certainly cannot do so as readily and easily as the opposing party.  Hence, the use of Rule 33(d) usually is not appropriate where, as in the present case, the interrogatories call for disclosure by the responding party of the contentions or facts which support the responding party's complaint.  "These types of interrogatories do not lend themselves to answer by use of Rule 33(d)."  Id. at 577.  In accord In re Savitt/Adler Litigation, 176 F.R.D. 44, 49-50 (N.D.N.Y. 1997).  Accordingly, Plaintiff's use of Rule 33(d) in the present case is disallowed and Defendants' motion to compel answers to the interrogatories in which Plaintiff invoked Rule 33(d) will be granted.

A dispute also arose as to whether the interrogatories served by the Defendants exceed the permissible number of interrogatories that one party may serve on another party.  The objection giving rise to this dispute is based upon Rule 33(a) which states: "Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts. . . ."  The reference to "discrete subparts" means that a party cannot avoid the numerical limit in Rule 33 by asking questions about distinct subjects, but numbering the questions as subparts.  Advisory Committee's Note (1993)("Parties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information

about discrete separate subjects.").

The cases vary on how to interpret "discrete subparts" and when a subpart should be treated as a separate interrogatory. According to Moore's, the better view is that subparts may be counted as part of one interrogatory if they are logically and necessarily related to the primary question. 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 33.30 (3d ed. 2005). "'Probably the best test of whether questions within a single interrogatory are subsumed or related, is to examine whether the first question is primary and subsequent questions are secondary to the primary question. Or, can the subsequent question stand alone? Is it independent of the first question? Genuine sub-parts should not be counted as separate interrogatories notwithstanding that they are joined by a conjunctive word and may be related.'" Nyfield v. V.I. Tel. Corp., 200 F.R.D. 246, 247-48 (D.V.I. 2001)(citation omitted). The court will be guided by the foregoing criteria in the present case.

Having examined the Defendants' interrogatories and made a determination as to whether such interrogatories as numbered by the Defendants contain unrelated subparts which should be counted as additional interrogatories rather than related subparts, the court finds and concludes as follows:

(a) <u>Interrogatories served by Richard G. Hendley</u> - When counted in a manner that treats unrelated, discrete subparts as

separate interrogatories, interrogatories 1 through 18 as numbered by the Defendant, in fact, contain 25 interrogatories and, therefore, Plaintiff's objection to the remaining interrogatories will be sustained as being in excess of the number of interrogatories permitted under Rule 33(a);

(b) <u>Interrogatories served by Dickson Hendley</u> - When counted in a manner that treats unrelated, discrete subparts as separate interrogatories, interrogatories 1 through 10(b) as numbered by the Defendant, in fact, contain 25 interrogatories and, therefore, Plaintiff's objection to the remaining interrogatories will be sustained as being in excess of the number of interrogatories permitted under Rule 33(a);

(c) <u>Interrogatories served by Lucille Hendley</u> - When counted in a manner that treats unrelated, discrete subparts as separate interrogatories, interrogatories 1 through 19 as numbered by the Defendant, in fact, contain 25 interrogatories and, therefore, Plaintiff's objection to the remaining interrogatories will be sustained as being in excess of the number of interrogatories permitted under Rule 33(a);

(d) <u>Interrogatories served by R.G. Hendley, Inc.</u> and <u>Interrogatories served by Aundrea Hendley</u> - While these interrogatories contain some unrelated discrete subparts, they do not exceed 25 in number even with renumbering of such discrete subparts and, therefore, the Plaintiff's Rule 33(a) objection will

be overruled as to the interrogatories served by R.G. Hendley, Inc. and by Aundrea Hendley.

The foregoing findings and conclusions shall be reflected in the orders which are being entered contemporaneously herewith dealing seriatim with the interrogatories contained in the five sets of interrogatories served by the Defendants.

PARTIES TO BE SERVED

Gerald S. Schafer, Esq.
220 Commerce Street
Greensboro, NC 27401

Craig D. Cannon, Esq.
Phillip Mohr, Esq.
One W. Fourth Street
Winston Salem, NC 27101

Dirk W. Siegmund, Esq.
P.O. Box 3324
Greensboro, NC 27402-3324

Jennifer F. Adams, Esq.
P.O. Box 20570
Greensboro, NC 27420-0570

Harry G. Gordon, Esq.
400 W. Market Street
302 Independence Center
Greensboro, NC 27401

William P. Miller, Esq.
P.O. Box 1550
High Point, NC 27261