UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| William H. Maerlender, | ) | Case No. 02-11895C-7G |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Gerald Schafer, Chapter 7 | ) | |
| Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 04-2034 |
| | ) | |
| William H. Maerlender, Judith | ) | |
| Maerlender, Piedmont Power | ) | |
| Products, Richard Hendley, | ) | |
| R.G. Hendley, Inc., Aundrea | ) | |
| W. Hendley, Lucille G. | ) | |
| Hendley, Judith Hendley, and | ) | |
| Dickson L. Hendley, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

<u>MEMORANDUM OPINION</u>

This case came before the court on February 14, 2006, pursuant to the motion of certain defendants[1] (collectively, the "Defendants") to disqualify the law firm of Womble Carlyle Sandridge & Rice, PLLC ("Womble"), as special counsel to Gerald S. Shafer, the Chapter 7 trustee ("Trustee") for William H. Maerlender, Jr. (the "Debtor"). The Defendants also move to dismiss the complaint based on the acts that purportedly call for

---

[1] Defendants Richard G. Hendley, Dickson L. Hendley, Lucille G. Hendley, Aundrea W. Hendley, and R.G. Hendley, Inc., are the moving parties.

Womble's disqualification.  For the reasons stated herein, the court will deny both motions.

BACKGROUND

Before the Debtor filed bankruptcy, Womble represented one of the Debtor's creditors, Generac Power Systems, Inc. ("Generac"). Generac had extended a line of credit to one of the Debtor's companies, Piedmont Power Products ("Piedmont Power"), that was guaranteed by the Debtor.  Throughout Generac's course of dealing with the Debtor and Piedmont Power, Generac alleges that the Debtor made misrepresentations to it, improperly commingled funds, and created fictitious business records for the purpose of inducing Generac to extend additional credit.  Pre-petition, Generac obtained a state court judgment against the Debtor for $1,367,000.

Meanwhile, the Debtor purchased a 25-acre tract of land in Jamestown, North Carolina.  The Debtor subdivided the tract and sold lots, but he retained one lot for himself, 5307 River Thicket Court.  The Debtor then engaged R.G. Hendley, Inc., to construct a personal residence costing an estimated $940,000.  Generac alleges that the Debtor only paid R.G. Hendley and third parties about $404,000 for the construction of the residence, and that on January 4, 2001, the Debtor transferred the home and lot to R.G. Hendley for no additional consideration.

After the Debtor filed bankruptcy, Generac filed an adversary complaint to except the debt owed to it from the Debtor's discharge

-2-

under section 523 of the Bankruptcy Code.  In the same complaint, Generac also sought to deny the Debtor a discharge of all his debts under section 727 of the Bankruptcy Code.  In particular, one of the allegedly bad acts complained of by Generac was that the Debtor had an interest in about $225,000 in antiques as of the petition date that he failed to disclose on his schedules.  <u>See</u> <u>Generac Power Systems, Inc. v. Maerlender</u>, No. 04-2011 (Bankr. M.D.N.C. Jan. 30, 2004).

On May 16, 2004, Generac moved to dismiss its section 727 claim to deny the Debtor a discharge, which was subsequently granted by the court, and the Debtor received his discharge on August 26, 2005.[2]  Generac and the Debtor then executed a settlement agreement on the section 523 exception to discharge claim whereby the Debtor signed a confession of judgment for $200,000 that would survive discharge, with a dollar for dollar credit given for any amount that Generac received in distributions from the bankruptcy estate.  The Debtor also agreed that he would not contest the amount of Generac's $1,340,000 claim against the bankruptcy estate.  Generac paid the attorneys' fees of Womble associated with adversary proceeding number 02-2011, which was

---

[2] As a result of a glitch in the Clerk's office, notice of Generac's motion to dismiss its section 727 objection to discharge was not served on all creditors.  At the time, however, the Defendants were not listed as creditors and had not filed a notice of appearance; consequently, even if notice of the motion had been served on all creditors, the Defendants still would not have received the notice.

closed on November 8, 2005.

Meanwhile, on March 12, 2004, the Trustee filed a motion to employ Womble for the purpose of bringing this fraudulent conveyance action against the Defendants in an effort to reclaim the house and lot that the Debtor transferred to R.G. Hendley. The motion stated that Womble was to be paid from the estate and at their normal hourly rates. In its declaration, Womble disclosed its representation of Generac and the order approving Womble's retention stated that Womble did not represent any interest adverse to the estate. On April 16, 2004, Womble filed this adversary proceeding. On March 23, 2005, Womble filed an amended declaration stating that "due to the billing practices of the firm, Generac has been billed for work done on behalf of the Trustee and has paid Womble . . . for work performed." After that fact was "discovered," Womble stated that it informed Generac not to pay for work that it was performing for the Trustee. The Trustee was unaware that Generac was paying the fees of Womble that were incurred for representing the Trustee.

Accordingly, from April 2004 to November 2005, Womble was engaged in a dual representation: it was representing Generac in an attempt to except amounts owed to Generac from discharge and to deny the debtor a discharge of all debts; and it was representing the Trustee in seeking to recover assets of the estate from the Defendants. From April 2004 to March 2005, Generac was paying

-4-

Womble's attorney's fees when some of those fees were incurred in Womble's representation of the Trustee.

## ANALYSIS

The Defendants argue that Womble should be disqualified from representing the Trustee in this adversary proceeding and that this adversary proceeding should be dismissed for the following reasons: (1) Womble represented Generac and the Trustee at the same time; (2) Generac paid some of Womble's fees that it incurred for representing the Trustee; (3) Generac submitted an inaccurate Rule 2014 statement in that it did not disclose that Generac would be paying Womble's fees for representing the Trustee; (4) the Trustee was not aware that Generac was paying the attorney's fees of Womble in representing the estate; (5) Womble has not offered to refund any money to Generac and has not obtained court approval to retain any of the funds paid by Generac that were incurred for representing the Trustee; (6) Womble's complaint objecting to discharge and dischargeability was misleadingly captioned; (7) Womble improperly dismissed its section 727 action against the Debtor and failed to give notice of the dismissal to the Defendants; (8) Womble, acting on behalf of Generac, abandoned about $225,000 in antiques by dismissing its section 727 objection to discharge action; (9) Womble's client, Generac, is the only creditor to have a claim excepted from the Debtor's discharge; (10) Womble created a witness with incentive to testify against the

-5-

Defendants by promising the Debtor a dollar for dollar credit against Generac's nondischargeable debt should Generac receive any distributions from the estate; and (11) Generac will have the bulk of the unsecured claims against the estate with a $1,340,000 claim – assuming that there will be any property of the estate that can be reduced to money.[3]

A. Dual Representation

Section 327 of the Bankruptcy Code contains three subsections relevant to a Trustee's decision to employ counsel to pursue an adversary proceeding. 11 U.S.C. § 327(a), (c), and (e). Because Womble's employment by the estate is proper under subsections (a) and (c), the court will not address the application of subsection (e).

Section 327(a) provides that "the trustee, with court approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." An attorney holds an interest adverse to the estate when that attorney "'possess[es] or assert[s] any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a

---

[3] No claims have been filed in the Debtor's bankruptcy case because the Trustee has not yet sent a notice to creditors that assets are available for distribution.

rival claimant; or . . . possess[es] a predisposition under circumstances that render[s] . . . a bias against the estate.'" I.G. Petroleum, L.L.C. v. Fenasci (In re W. Delta Oil Co.), 432 F.3d 347, 356 (5th Cir. 2005) (quoting In re Roberts, 46 B.R. 815, 827 (Bankr. D. Utah 1985)).   Prior to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the Bankruptcy Code defined a "disinterested person" as a person that: "(A) is not a creditor . . . and (E) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reasons of any direct or indirect relationship to, connection with, or interest in, the debtor . . . or for any other reason."   11 U.S.C. § 101(14) (2004).   Having either an interest adverse to the estate or not being a disinterested person under section 327(a) is grounds to disqualify counsel.   E.g., Pierce v. Aetna Life Insurance Company (In re Pierce), 809 F.2d 1356, 1362 (8th Cir. 1987) ("Although framed conjunctively, the conditions are applied disjunctively; failure to meet either will result in disqualification.").

Section 327(c) states that an attorney is not disqualified for employment solely because of that attorney's representation of a creditor, "unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest." Accordingly, section 327(c) creates a limited exception to the

general rule that an attorney for the trustee must be disinterested. E.g., In re Interwest Bus. Equip., Inc., 23 F.3d 311, 316 (10th Cir. 1994) ("The bankruptcy judge can disqualify a professional solely on the basis of simultaneous representation, if it finds the joint representation creates an actual conflict."); Johnson v. Richter, Miller & Finn (In re Johnson), 312 B.R. 810, 819 (E.D. Va. 2004) ("Pursuant to that provision, an attorney who represents a creditor is validly employed by the trustee provided that there is no "actual conflict of interest" between the attorney's representation of the creditor and his representation of the trustee.   Thus, where a trustee employs a professional who represents a creditor, the stringent two-pronged test set forth in § 327(a) does not apply. Put differently, a trustee may employ a creditor's attorney under § 327(c) provided the dual representation presents no actual conflict of interest."); 1 Collier Compensation, Employment & Appointment of Trustees & Professionals in Bankruptcy Cases ¶ 1.03[6] (2005) (same).  The Bankruptcy Code further limits the standing to object to creditor's representation of the Trustee under section 327(c) to other creditors or the United States trustee.[4]   11 U.S.C. § 327(c).

---

[4] The Defendants are not creditors of the estate; therefore, the Defendants do not have standing to object to Womble's employment under 11 U.S.C. § 327(c).  The court has indulged the Defendant's objections in this matter because the court has an independent obligation to ensure that the estate's employment of professional meets the criteria of section 327.  E.g., Interwest Business Equip., 23 F.3d at 317 ("A bankruptcy court has the

In this case, Womble was employed by the Trustee for the special purpose of prosecuting the fraudulent conveyance action against the Defendants.   Womble's representation of Generac, perhaps the largest creditor of the estate, is not an interest that is adverse to the estate because Generac does not have any economic interest in the litigation that would tend to lessen the value of the bankruptcy estate, does not have a dispute with a rival claimant against the estate, and there is no showing that Generac possesses any predisposition of bias against the estate.   Indeed, the interests of Generac and the Trustee are aligned in this adversary proceeding – both want to maximize the value of the estate by recovering property of the estate under the powers granted to the Trustee by the Bankruptcy Code.   See, e.g., In re RPC Corp., 114 B.R. 116, 119-20 (M.D.N.C. 1990) (approving the employment of an attorney to represent the estate in the pursuit of a special purpose when the attorney was also representing a creditor of the estate); In re Fondiller, 15 B.R. 890, 892 (B.A.P.

---

authority and the responsibility to only approve employment of professionals who meet the minimum requirements set forth in 327(a), independent of objections.  Assuming 327(c) requires an objection from a creditor or from the U.S. trustee before the court can examine conflicts arising from simultaneous representation of a creditor, a conclusion we do not make, 327(a) does not include similar language. Moreover, where the Bankruptcy Code provides for the raising of an issue by a 'party in interest,' such provision shall not be 'construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to . . . prevent an abuse of process.'") (citations and footnotes omitted).

9th Cir. 1981) (approving the employment of counsel that also represented a creditor under section 327 when the interests of the estate and the creditor were identical in an adversary proceeding to recover alleged fraudulent conveyances); Shubert v. Dawley (In re Dawley), Nos. 01-32215, 02-332, 2003 Bankr. LEXIS 639 at *7-8 (Bankr. E.D. Pa. June 16, 2003) (holding that notwithstanding problems regarding the defendant's standing to raise disqualification issues under section 327(c), the interest of the special counsel that was representing the creditor, and the interest of the estate, were identical inasmuch as recovery in the adversary proceeding would increase the amount available to creditors).

Even though the interests of Generac and the estate are aligned insofar as both want to recover estate property to satisfy creditor claims, the Defendants assert that Womble has an interest adverse to that of the estate on the basis that Womble abandoned $225,000 in antiques when it dismissed its section 727 objection to discharge claim and when it settled its section 523 exception to discharge claim. The Defendants argue that Womble has no interest in recovering the antiques for the estate because those antiques are a source from which Womble may satisfy its nondischargeable claim after the bankruptcy case is closed. Womble was not representing the Trustee in its section 523 and 727 complaint and did not have the capacity to abandon property of the estate, and

-10-

the Trustee has not otherwise abandoned any interest the estate may have in the antiques pursuant to 11 U.S.C. § 554 and Fed. R. Bankr. P. 6007.   In short, if the Debtor had $225,000 in antiques as of the petition date then those antiques are still property of the estate notwithstanding any purported action taken by Womble in its representation of Generac.   Therefore, any purported abandonment of the antiques by Womble does not give Womble an interest adverse to the estate in pursuing this fraudulent conveyance action to recover the house and lot that the Debtor transferred to the Defendants.

Likewise, the Defendants have not shown that Womble is not a disinterested person – apart from its representation of a creditor. Under the express language of section 327(c), however, the fact that Womble also represents a creditor is not a grounds for its disqualification.

B. <u>Payment of Fees</u>

Apart from arguing that a the Trustee's special counsel cannot simultaneously represent a creditor and the Trustee, the Defendants argue that Womble should be disqualified because its creditor client, Generac, paid some of Womble's fees for work that it performed for the Trustee.

No prohibition exists in the Bankruptcy Code that prevents a creditor from paying the fees of the Trustee's special counsel.   In fact, section 503(b)(3)(B) of the Bankruptcy Code provides that a creditor's attorney may be entitled to an administrative claim

-11-

against the estate if the creditor recovers property that the debtor transferred or concealed. 11 U.S.C. § 503(b)(3)(B) ("[T]here shall be allowed administrative expenses . . . including . . . the actual, necessary expenses . . . incurred by . . . a creditor that recovers, after the court's approval, for the benefit of the estate any property transferred or concealed by the debtor . . . ."). An application for approval of employment under section 503(b)(3)(B) is separate from a trustee's application to employ counsel under section 327; however, section 503(b)(3)(B) demonstrates that an attorney representing the trustee is not necessarily subject to disqualification if the attorney's fees are paid by the creditor. E.g., Com-1 Info, Inc. v. Wolkowitz, (In re Maximus Computers, Inc.), 278 B.R. 189, 197 (B.A.P. 9th Cir. 2002) ("The key point about § 503(b)(3)(B) at this juncture is that its mere existence belies appellants' argument that . . . payment of counsel by a creditor requires disqualification. . . . [T]he fact that § 503(b)(3)(B) authorizes a creditor to use its own lawyer to recover property for the benefit of the estate, once the court has given its permission, compels the conclusion that the authorized creditor's lawyer may be paid by its client without fear of disqualification on that account."). Accordingly, the fact that Generac paid Womble for some of services performed in the adversary proceeding to recover property for the estate is not grounds for disqualification under the circumstances of this case.

C. Rule 2014 Disclosures

Rule 2014 requires that an application for employment state "the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, and the proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest . . . ." Fed. R. Bankr. P. 2014(a). "The Bankruptcy Court may, in its discretion, disqualify counsel, or deny compensation, as a sanction for failure to make the disclosure required by Rule 2014(a)." Buckley v. TransAmerica Inv. Corp. (In re Southern Kitchens), 216 B.R. 819, 830 (Bankr. D. Minn. 1998). See, e.g., In re Al Gelato Continental Desserts, Inc., 99 B.R. 404, 409 (Bankr. N.D. Ill. 1989) (imposing a 10% sanction for failing to make disclosures in a Rule 2014 application when there appeared to be no attempt to hide the facts).

Womble's Rule 2014 disclosure provides:

2. The firm of WCSR represents a creditor, Generac Power Systems, Inc. . . . [in] the chapter 7 bankruptcy case . . . . Otherwise neither I, my firm, nor any member or associate thereof, insofar as I have been able to ascertain, has any connection with Gerald S. Schafer, Trustee for the debtor, the debtor herein, its creditors, or any other party in interest, their respective attorneys and accountant, the Bankruptcy Administrator, or any person employed in the office of the Bankruptcy Administrator.

3. Neither I, my firm, or any associate thereof, insofar as I have been able to ascertain, represents any interest adverse to that of the estate or the Trustee associated

-13-

with the special purpose upon which said law firm is to be engaged.

4. Other than the firm's representation of Generac, I believe the firm of WCSR is a "disinterested person" within the meaning of §§ 101 and 327 of the Bankruptcy Code.

5. The undersigned has advised the Trustee of the firm's willingness to serve as the Trustee's counsel for this special purpose in exchange for compensation based on time and standard billable charges.

(Document No. 33 in Case No. 02-11895).

On April 7, 2003, the court approved Womble's employment based, in part, on the representation that Womble was to be paid "compensation at normal hourly rates to be billed and paid in accordance with the local rules of this court." (Document No. 35). On March 23, 2004, Womble filed an amended declaration stating that Generac had been billed for work done on behalf of the Trustee and that Generac had paid for that work. Once that fact was "discovered" Womble informed Generac not to pay it for work done for the Trustee.

The fact that Womble was billing Generac for work performed for the Trustee is a "'connection' within the meaning of Rule 2104(a) that must be disclosed in the employment application and in the verified statement that accompanies the application . . . . [It is] material to both the employment and the analysis of the § 327(c) safe harbor. . . . [It] cannot be swept under the carpet." Maximus Computers, Inc., 278 B.R. at 195-96. It appears, however, that the continued billing of Generac after the filing of the

-14-

original declaration was inadvertent and after Womble realized that it had submitted billing that was inconsistent with its declaration, an amended declaration was filed which disclosed the continued billing and payment by Generac. It does not appear that there was any intent to mislead the court when the original declaration was filed nor any intent or effort to hide the subsequent billing of Generac or the payment of fees by Generac. While the court does not approve of any failure to comply strictly with a Rule 2014 declaration, the failure to do so in this case is not a sufficient ground to disqualify Womble.

      D. <u>Other Objections</u>

The remaining objections raised by the Defendants to Womble's representation of the Trustee and the allegations in support of their motion to dismiss may be summarily disposed.

The Defendants' allegation that Womble's complaint objecting to discharge and dischargeability was misleadingly captioned is baseless. This court routinely sees section 523 and 727 adversary actions captioned "Complaint Objecting to Discharge Pursuant to §§ 523 and 727" and nothing misleading exists in that caption. Additionally, the Defendants are not creditors of the Debtor and did not enter an appearance and request for notices; consequently, they were not entitled to receive notice of Generac's decision to dismiss its section 727 action objecting to the Debtor's discharge.

Finally, the Defendant's arguments that Womble created a

adverse witness with an incentive to testify against the Defendants by agreeing that the Debtor would receive a dollar-for-dollar credit on his nondischarged obligation to Generac for every dollar that Generac receives from this adversary proceeding goes to the weight of the Debtor's testimony – it does not call for either disqualification of Womble or for dismissal of the adversary proceeding.[5]

CONCLUSION

The Defendants' motion to disqualify Womble will be denied. Because the Defendants' motion to dismiss the case is based on the same set of predicate facts that purportedly called for Womble's disqualification, that motion is also denied.

A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

---

[5] Womble, acting on behalf of the Trustee, requested in its response to the Defendants' motions that the Defendants pay the Trustee's attorneys fees. Womble has not demonstrated a sufficient basis in this matter to depart from the American Rule on the payment of attorney's fees and therefore Womble's request is denied.

PARTIES TO BE SERVED

Craig D. Cannon, Esq.
Philip J. Mohr, Esq.
One West Fourth Street
Winston Salem, NC 27101

William P. Miller, Esq.
P.O. Box 1550
High Point, NC 27261

Gerald S. Schafer, Esq.
220 Commerce Place
Greensboro, NC 27401

Harry G. Gordon, Esq.
FGX Bldg., Suite 300
330 S. Greene Street
Greensboro, NC 27401

Rayford K. Adams, III, Esq.
101 W. Friendly Avenue, Suite 500
Greensboro, NC 27401

Dirk W. Siegmund, Esq.
P.O. Box 3324
Greensboro, NC 27402

Kenneth R. Jacobson, Registered Agent
   For Piedmont Power Products, Inc.
400 W. Market Street, Suite 201
Greensboro, NC 27401